**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-10141-02-EFM |
| | ) | |
| PATRICK STEIN, | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

# UNOPPOSED MOTION IN LIMINE TO EXCLUDE
# IRRELEVANT AND INADMISSIBLE EVIDENCE

COMES NOW, the parties by and through their counsel of record and, pursuant to Federal Rules of Evidence 401, 402, 403, 404, and the rights to counsel, confrontation, the presumption of innocence, due process and a fair trial contained within the Fifth and Sixth Amendments to the United States Constitution, moves this Court for an order in limine prohibiting the prosecution from referring to, introducing into evidence, attempting to introduce into evidence, or stating for any purpose in the presence of the prospective jury panel or jury, during jury selection, opening statement, or in the presence of witnesses, or during closing argument, any inadmissible evidence, as described below:

1. Images depicting adult pornography and alleged child pornography found on a computer and two thumb drives found during searches related to this case. This is to include any reference to case 17-10045-01-EFM.

2. Text messages, instant messages, and all other messages from whatever source, between consenting adults, that are of a personal, sexual nature. These messages not only contain private information regarding Mr. Stein, but of the other parties to the conversations,

1

including names, telephone numbers and places of residence, and in at least one case a specific address in Wichita, Kansas.

3. Text messages, instant messages, and all other messages from whatever source containing references to the personal use of controlled substances, and the attempt to purchase such substances, both on the part of Patrick Stein and the adults with whom he is communicating.

The evidence described above is far removed from the question of whether the Patrick Stein conspired with his co-defendants to use a weapon of mass destruction; conspired with co-defendants to violate any person's civil rights, or whether he possessed a firearm in relation to and in furtherance of a crime of violence as set out the Second Superseding Indictment. The Federal Rules of Evidence limit the admission of evidence to evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The Tenth Circuit has explained that evidence only meets the requirements of this rule if it is "sufficient to provide a fact-finder with a basis for making some inference, or chain of inferences." *United States v. Jordan*, 485 F.3d 1218, 1222 (10th Cir. 2007).

The above-described evidence includes prior wrongs or other acts insofar as it suggests that Patrick Stein possessed child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The admission of this evidence would accomplish no purpose listed under Fed R. Evid. 404 (b)(2).[1]

---

[1] Permitted uses: proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident.

Even if relevant, the admission of the above-described evidence must be measured against all other applicable exclusionary rules.  The question of relevance is only the first step this Court must take in determining  whether the above-described evidence is admissible. The evidence, even if relevant, must  nonetheless be excluded if its admission would otherwise violate the defendants' constitutional, statutory, and/or common-law rights.

Relevant evidence is excludable "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Tenth Circuit has explained that "unfair prejudice" is "prejudice arising from the tendency of proffered evidence to suggest to the jury that it should render its findings 'on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. McVeigh*, 153 F.3d 1166, 1191 (10th Cir. 1998) (quoting Fed. R. Evid. 403, Adv. Comm. Notes (1972 Proposed Rules)), *disapproved of on other grounds by Hooks v. Ward*, 184 F.3d 1206 (10th Cir. 1999). The Court has further explained that "[t]he danger of 'confusion of the issues' and 'misleading the jury' arises when circumstantial evidence would tend to sidetrack the jury into consideration of factual disputes only tangentially related to the facts at issue in the current case." *Id*. In *McVeigh*, the Tenth Circuit held that the trial court properly excluded marginally relevant defense evidence of a third-party perpetrator that was "highly generalized and speculative," and threatened to create a "side trial" that "would have led the jury astray." *Id*. To allow the admission of the above-described evidence would lead to such "side trials."

3

WHEREFORE, for the above reasons, the defendant respectfully prays of the Court an Order consistent with the above motion, specifically: prohibiting the prosecutor from referring to, introducing into evidence, attempting to introduce into evidence, or stating for any purpose in the presence of the prospective jury panel or jury, during jury selection, opening statement, or in the presence of witnesses, or during closing argument, the above- listed evidence; and/or any such other and further relief as the Court deems just.

s/ James R. Pratt
JAMES R. PRATT, #17716
445 N. Waco
Wichita, Kansas 67202
Ph: (316) 262-2600
Fax: (316) 262-2602
Jim@JamesRPrattLaw.com
Attorney for Defendant

s/ Michael Shultz
MICHAEL SHULTZ #23133
Shultz Law Office, P.A.
445 North Waco
Wichita, Kansas 67202
Phone: 316-269-2284
Fax: 316-269-2011
michael@shultzlaw.net

CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to each counsel of record in this case.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: none

4

s/James R. Pratt
JAMES R. PRATT #17716
Attorney for Defendant
445 N. Waco
Wichita, Kansas 67202
Ph: (316) 262-2600
Fax: (316) 262-2602
Jim@JamesRPrattLaw.com