# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.             Case No.   **16-CR-10141-03-EFM**

**CURTIS WAYNE ALLEN *et al*.,**

      **Defendants.**

### GOVERNMENT'S MOTION TO CONDITIONALLY ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 104(B)

APPEARS NOW the United States of America, by and through Stephen McAllister, United States Attorney for the District of Kansas; Anthony W. Mattivi, Assistant United States Attorney for the District; and Risa Berkower and Mary J. Hahn, Trial Attorneys, Criminal Section of DOJ's Civil Rights Division, and respectfully requests that this Court conditionally admit pursuant to Federal Rule of Evidence 104(b) the following two pieces of evidence during the testimony of the government's first witness, Stephanie Blackburn: (1) a clip from a planning meeting that took place on August 14, 2016, in which the defendants discuss killing a landlord by the name of "Burgess" (Government Exhibit 16Z); and (2) an aerial photograph from Google Earth with a handwritten X over 312 West Mary Street, the target property of the conspiracies charged in Counts 1 and 2 of the Second Superseding Indictment (Government Exhibit 94a, page 10).  The government seeks to

have Ms. Blackburn identify "Burgess" as her father and owner of the 312 West Mary Street apartments, and the aerial photograph as depicting 312 West Mary Street and the neighboring property, 305 West Mary Street.  Her identifications are highly probative, as she provides a direct link between the targets and the defendants' conversations and handwritten notes about their plans to injure and intimidate the residents of 312 West Mary Street in their exercise of their fair housing rights.

Federal Rule of Evidence 104(b) provides that when the relevance of evidence depends on whether a fact exists, the evidence may be conditionally admitted.  As the Supreme Court has recognized, "[w]hen an item of evidence is conditionally relevant, it is often not possible for the offeror to prove the fact upon which relevance is conditioned at the time the evidence is offered.  In such cases it is customary to permit him to introduce the evidence and 'connect it up' later." *Huddleston v. United States*, 485 U.S. 681, 691, n.7 (1988).  Where evidence is conditionally admitted, the court instructs the jury that the evidence is being conditionally admitted and that the evidence should be disregarded if the government fails to later provide the facts relevant to admissibility.

Here, the probative value of Ms. Blackburn's testimony – identifying the landlord being discussed by the defendants as the owner of the targeted properties, as well as identifying the targeted properties themselves, as depicted in the aerial photographs – is clear.  It is also clear that there is no legitimate objection to the admission of this evidence.  Government Exhibit 16Z is a clip from an August 14, 2016 meeting, and the CHS will establish that the recording is authentic.  Indeed, the defendants did not lodge any objection to this clip at the *James* hearing, and these statements are admissible pursuant to Fed. R. Evid. 801(d)(2)(E).  Similarly, Government Exhibit

94a-0010 is an aerial photograph recovered during a search of Defendant Stein's truck. The CHS will testify that this photograph was used by the defendants during a planning meeting to select 312 West Mary Street as their target—and that the defendants marked the photograph during the meeting. Moreover, this Court has denied all of the defense's challenges to the searches of Defendant Stein's property.

The Federal Rules of Evidence expressly permit parties to determine the order of its proof, as long as the relevant facts are ultimately presented at trial. *United States v. Abbott*, 153 F.3d 728 (Table), 1998 WL 380524, at *2 (10th Cir. July 1, 1998) ("Thus the fundamental rule, universally accepted, is that with reference to facts whose relevancy depends upon others, the *order of presentation is left to the discretion of the party himself*, subject of course to the general discretion of the trial court . . . in controlling the order of evidence." (quoting Wigmore)); *see also* Fed. R. Evid. 901(a), Adv. Note ("This requirement [of Fed. R. Evid. 901(a)] of showing authenticity or identity falls in the category of relevancy dependent upon fulfillment of a condition of fact and is governed by the procedure set forth in Rule 104(b).") At its core, any objection that the defendants have to Ms. Blackburn's testifying about these exhibits is merely to the government's order of proof, not to their admissibility, and is not a basis from precluding Ms. Blackburn from providing highly probative testimony. *Id.* (rejecting a defendant's claim of prejudice where all of the facts relevant to admissibility were presented at trial).

To the extent that the defendants argue that this testimony should be precluded because Ms. Blackburn is a putative victim, any attempt to conflate identification testimony and victim impact testimony should be rejected. The government does not intend to have Ms. Blackburn testify about her emotional reactions to either exhibit, or to discuss any facts about the exhibits other than the

identifications of the person and properties.  There is nothing in the rules of evidence or this Court's prior ruling that categorically prohibits a victim from testifying as a percipient fact witness.[1]  Ms. Blackburn is in the best position to identify who "Burgess" is, as well as the properties that she now manages.

For these reasons, the government respectfully requests that this Court conditionally admit Government Exhibits 16Z and 94a-0010.  This evidence is going to come in during the trial, and the Federal Rules of Evidence expressly contemplate that the government should be allowed to put on its own case in its preferred order.

Respectfully submitted,

Stephen R. McAllister
United States Attorney

*Anthony W. Mattivi*
ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

*Risa Berkower*
RISA BERKOWER
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice

---

[1] Mr. Burgess's name repeatedly appears throughout the recordings and in the defendants' handwritten notes.  The government specifically chose Government Exhibit 16Z instead of, for example, several other clips where the defendants discussed acts of violence against Ms. Blackburn in order to focus the jury's attention on the identification of Mr. Burgess.

950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0150
Risa.Berkower@usdoj.gov

*Mary J. Hahn*
MARY J. HAHN
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0921
Mary.Hahn@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the  26th  day of March 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*Mary J. Hahn*
Mary J. Hahn