# UNITED STATES DISTRICT COURT
## District of Kansas

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

       **v.**                                                              Case No.   <u>16-CR-10141-EFM</u>

**CURTIS WAYNE ALLEN,** *et al.***,**

       **Defendants.**

## GOVERNMENT'S MOTION TO AMEND COUNTS ONE & TWO OF THE SECOND SUPERSEDING INDICTMENT
### (Re: Doc. 89)

APPEARS NOW the United States of America, by and through its undersigned attorneys, and respectfully requests that this Court amend Counts One and Two of the Second Superseding Indictment to change the beginning date of the charged conspiracies from "Beginning on an unknown date, prior to approximately February 2016" to "Beginning approximately June 14, 2016." The government requests this amendment to conform these counts to this Court's March 23, 2018 finding that the conspiracy began on June 14, 2016. The Court should grant the motion because the change is merely a matter of form and does not prejudice the defendants.

## ARGUMENT

An indictment may be amended without resubmission to the grand jury where "the change is merely a matter of form."[1] The U.S. Court of Appeals for the Tenth Circuit has held that amendments "to the dates in an indictment"[2] qualify as matters of form, "so long as the date is not an essential element of the offense charged"[3] and "the indictment charges facts showing that the offense was committed within the period of the statute of limitations."[4] In *United States v. Henderson*, "the district court allowed an amendment to the indictment that changed the starting dates of the alleged continuing criminal enterprise, resulting in a shorter period than the grand jury originally charged."[5] The Tenth Circuit rejected the petitioner's claim that his trial counsel provided ineffective assistance for failing to adequately challenge the amendment, finding that the petitioner did not suffer prejudice from "any deficiency in his attorney's challenge to the

---

[1] *Russell v. United States*, 369 U.S. 749, 770 (1962).

[2] *United States v. Henderson*, 179 F. App'x 535, 538 (10th Cir. 2006) (unpublished) (citing *United States v. Gammill*, 421 F.2d 185, 186 (10th Cir. 1970); *United States v. Leichtman*, 948 F.2d 370, 376 (7th Cir. 1991)).

[3] *Henderson*, 179 F. App'x at 538; *see United States v. Powell*, 564 F.2d 256, 259 (8th Cir. 1977) (finding that an indictment may be amended to extend the time of conspiracy because time is not an essential element of conspiracy and no prejudice was shown); *Russell v. United States*, 429 F.2d 237, 238 (5th Cir. 1970) ("It seems well settled that an allegation as to the time of the offense is not an essential element of the offense charged in the indictment and, within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient.") (quotation marks and citation omitted).

[4] *Gammill*, 421 F.2d at 186; *see United States v. Stegman*, 873 F.3d 1215, 1223 (10th Cir. 2017) ("Further, we have 'defined an amendment of form as a change that does not mislead the defendant in any sense, does not subject the defendant to any added burdens, and does not otherwise prejudice the defendant.'") (quoting *United States v. Pina*, 974 F.2d 1241, 1243 (10th Cir. 1992).

[5] 179 F. App'x at 538 ("Under Count 1, the alleged starting date of the enterprise was changed from April 1, 1992 to January 1, 1994 and the alleged beginning date of the first predicate act was changed from April 14, 1992 to January 1, 1994.").

amendment" because "[t]his change was merely a matter of form."[6] The court of appeals further explained that "the temporal scope of a conspiracy is not an 'essential' or 'material' element of the charge" and that although the amendment "narrowed" the charges, "the amended indictment still charged [the petitioner] with a criminal offense clearly set out in the original indictment."[7]

The Court should grant the motion to amend Counts One and Two of the Second Superseding Indictment to change the starting date of the charged conspiracies from "Beginning on an unknown date, prior to approximately February 2016" to "Beginning approximately June 14, 2016" because, as in *Henderson*, this change is a matter of form. The temporal scope of the conspiracy is not an element of the offense,[8] and the amended count will narrow—not broaden— the offense, while still charging the defendants with an offense clearly set forth in the Second Superseding Indictment that is also within the statute-of-limitations period.[9] The amendment will not mislead or otherwise prejudice the defendants[10] because this Court, in accordance with its pretrial ruling that the conspiracy began on June 14, 2016, has expressly instructed the jury that any

---

[6] *Id.*; *see Gammill*, 421 F.2d at 186 ("A defective allegation of time is a matter of form if time is not an essential element of the offense and if the indictment charges facts showing that the offense was committed within the period of the statute of limitations.").

[7] *Henderson*, 179 F. App'x at 538.

[8] *See* 18 U.S.C. §§ 2, 2332a(a)(2); *see generally United States v. Richeson*, 825 F.2d 17, 21 (4th Cir. 1987) ("Proof of the precise temporal scope of a conspiracy is not required to sustain a conspiracy conviction.").

[9] *See Stegman*, 873 F.3d at 1223 ("In short, when a change leaves the substance of the charge unaffected, the switch does not usurp the prerogative of the grand jury.") (internal quotation marks and citations omitted); *United States v. Cook*, 745 F.2d 1311, 1316 (10th Cir. 1984) ("The substance of the charge is every fact which must be proved to make the act complained of a crime and all else is formal.") (internal quotation marks and citation omitted).

[10] *See Cook*, 745 F.2d at 1316 ("Prejudice to the defendant must be found before an amendment will be held impermissible.").

statement made prior to that date may be considered only against the defendant who made it.

## CONCLUSION

For all these reasons, the government respectfully requests that the Court amend Counts One and Two of the Second Superseding Indictment to change the starting date of the charged conspiracies from "Beginning on an unknown date, prior to approximately February 2016" to "Beginning approximately June 14, 2016."

Respectfully submitted,

STEPHEN R. MCALLISTER
UNITED STATES ATTORNEY

*AW Mattivi*

ANTHONY W. MATTIVI
Assistant United States Attorney
District of Kansas
290 Carlson Federal Building
444 SE Quincy Street
Topeka, KS 66683
Telephone: (785) 295-2850
Anthony.Mattivi@usdoj.gov

*David P. Cora*

DAVID P. CORA
Trial Attorney
Counterterrorism Section
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 514-7259
David.Cora@usdoj.gov

*Risa Berkower* 

RISA BERKOWER
Trial Attorney

4

Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0150
Risa.Berkower@usdoj.gov

*Mary J. Hahn*
MARY J. HAHN
Trial Attorney
Civil Rights Division, Criminal Section
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 305-0921
Mary.Hahn@usdoj.gov

*Danielle Tarin*
DANIELLE TARIN
Attorney
National Security Division
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 532-4493
Danielle.Tarin@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the  9th  day of April 2018, I caused the foregoing pleading to be filed with the Clerk of the Court, with a true and accurate copy provided to each counsel of record in the case.

*AW Mattivi*
Anthony W. Mattivi