## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

          *Plaintiff-Respondent,*

  vs.

PATRICK STEIN,

          *Defendant-Petitioner.*

Case No. 6:16-cr-10141-02-EFM
6:22-cv-1251-EFM

## MEMORANDUM AND ORDER

Before the Court is pro se Defendant-Petitioner Curtis Wayne Stein's Motion to Vacate (Doc. 587) his sentence pursuant to 28 U.S.C. § 2255.  Stein challenges his convictions for conspiracy to use weapons of mass destruction to blow up an apartment building in Garden City, Kansas, and conspiracy against civil rights on three "ineffectiveness of counsel" grounds.  First, Stein argues that his counsel was ineffective in their arguments for an entrapment instruction at trial and on appeal.  Second, that his counsel should have argued at trial and on appeal for severance of his trial from those of his coconspirators.  And finally, that his counsel provided ineffective assistance by failing to challenge the jury selection process in a timely and effective manner. Because the Court finds that each of Stein's proffered reasons for vacating his sentence is without merit, the Court denies Stein's Motion without the necessity for an evidentiary hearing.

## I.   Factual and Procedural Background

Stein was one of three men—another of whom was Curtis Wayne Allen—convicted of conspiring to blow up an apartment complex and mosque in Garden City, Kansas.  Stein's counsel never requested severance of Stein's trial from those of his coconspirators.  Stein and the others were joined and tried together.  Over the course of an 18-day trial and a two-part sentencing hearing, Stein's counsel vigorously advocated on his behalf on all fronts, including requesting that the Court instruct the jury as to the entrapment defense.  The Court denied this request, finding that the defense was unsupported by the record.

After his conviction, Stein appealed on several grounds, asserting that the Court improperly denied an entrapment instruction, the terrorism sentencing enhancement should not have applied, and the jury selection process violated the Jury Act.  The Tenth Circuit affirmed Stein's conviction, holding that each of Stein's arguments failed on the merits.[1]  Stein, now pro se, has brought a Motion to Vacate under 28 U.S.C. § 2255 on three grounds, each one worded as if arguing ineffectiveness of counsel.   Specifically, Stein contends that his counsel failed him by: (1) ineffective arguments for an entrapment instruction at trial and on appeal; (2) not arguing for severance of Stein's trial from those of his coconspirators; and (3) failing to challenge the jury selection process in a timely and effective manner.

## II.   Legal Standard

As per 28 U.S.C. § 2255(a):

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

---

[1] See *United States v. Stein*, 985 F.3d 1254, 1262–67 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 425 (2021), *and cert. denied sub nom. Wright v. United States*, 142 S. Ct. 435 (2021).

without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2]  The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[3]   An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

Additionally, Stein appears pro se in arguing his Motion.  Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[5]  A pro se litigant is entitled

---

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995) (addressing requirements in habeas corpus petition), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[4] *See id*. (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

to a liberal construction of his pleadings.[6]  If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [petitioner's] unfamiliarity with the pleading requirements."[7]  However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[8]  For that reason, courts shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[9]

### III.    Analysis

As an initial matter, the United States requests that the Court deny Stein's Motion without further pleading or a hearing.  28 U.S.C. § 2255(b) authorizes courts to deny motions to vacate without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  Because the record in this case conclusively establishes that Stein is not entitled to relief, the Court finds that no further briefing or hearings are necessary.

Indeed, in one sense, the Court has already addressed this case.  In *United States v. Allen*,[10] Stein's coconspirator Curtis Wayne Allen likewise brought a motion to vacate his sentence under § 2255.[11]  Of Allen's six grounds for his motion, three were nearly identical to those argued by Stein in the present Motion.[12]  After extensive briefing by both parties, the Court found that Allen

---

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8] *Id.*

[9] *See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[10] 2022 WL 6728562 (D. Kan. 2022).

[11] *Id.* at *1.

[12] *See id.* (listing as Allen's argued grounds for relief "(1) counsel was ineffective in their arguments for an entrapment instruction at trial and on appeal; . . . (3) counsel should have argued at trial and on appeal for severance

-4-

was not entitled to relief based on the merits of his case, declining to address whether Allen was procedurally barred as well.[13]

Nothing has changed since then. Stein whistles the same old failing tune as Allen, hoping against all reason for a different outcome. Based on the merits of his grounds for relief, he will not receive one.

## A. Stein fails to establish either of the necessary prongs to show ineffective assistance of counsel on any of his claims.

To avoid procedurally defaulting on several of his claims, Stein has worded each claim so as to argue ineffective assistance of counsel. Without deciding whether this is simply a misdirection to reargue claims already addressed on direct appeal, the Court finds that each of Stein's stated grounds for relief fails on the merits. Therefore, the Court need not address whether they would otherwise be procedurally barred.

"The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea."[14] The Supreme Court has created a two-prong test which a criminal defendant must meet to prevail on a claim for ineffective assistance of counsel.[15] "[A] petitioner must show (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial."[16] Because

---

[13] of Allen's trial from those of his coconspirators; . . . and (5) counsel provided ineffective assistance by failing to challenge the jury selection process in a timely and effective manner.").

[13] *Id.* at *2–5.

[14] *Lee v. United States*, ---U.S.---, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

[15] *See Strickland v. Washington*, 466 U.S. 668, 687–96 (1984).

[16] *United States v. McPherson*, 2022 WL 1044922, at *3 (D. Kan. 2022) (citing *Strickland*, 466 U.S. at 687–88).

the petitioner must meet both prongs of the test, "[a]n ineffective assistance claim may be resolved on either performance or prejudice grounds alone."[17]

Prevailing upon the first prong requires the petitioner to show that his counsel's performance fell "outside the wide range of professionally competent assistance."[18]   Needless to say, this is a "highly demanding" standard.[19]   The petitioner must show that his counsel's "strategic decisions must have been completely unreasonable, not merely wrong, so that they bear no relationship to a possible defense strategy."[20]   Courts must presume that the tactical decisions of a defendant's counsel were correct.[21]   Furthermore, to avoid "the distorting effects of hindsight,"[22] courts must evaluate the decision from "the counsel's perspective at the time of the alleged error."[23]

To prevail on the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[24]   The main inquiry here is "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[25]   In assessing counsel's performance, courts must exercise a high level of deference because "counsel is strongly presumed

---

[17] *Fox v. Ward*, 200 F.3d 1286, 1295 (10th Cir. 2000); *see also McPherson*, 2022 WL 1044922, at *3 ("A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.").

[18] *Strickland*, 466 U.S. at 690.

[19] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[20] *Fox*, 200 F.3d at 1296 (further citations, quotations, and brackets omitted).

[21] *See id.* at 1295.

[22] *Strickland*, 466 U.S. at 689.

[23] *McPherson*, 2022 WL 1044922, at *3 (citing *Edens v. Hannigan*, 7 F.3d 1109, 1114 (10th Cir. 1996)).

[24] *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

[25] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[26]

### 1.     *Counsel's failure to effectively argue entrapment at trial*

In arguing that his counsel failed him by not providing an entrapment instruction to the jury, Stein continually maintains that plenty of evidence shows that "I/we were absolutely 100% entrapped by two rogue FBI agents . . . [and] a very well *paid* informant."[27]   He then faults his attorneys for advising him not to testify on his own behalf before launching into a detailed personal narrative of how he was entrapped by the FBI.  Stein accuses his counsel of failing to present this evidence to this court.  In the alternative, Stein contends that the "court was in plain error for not giving the entrapment instruction to the jury."

As to his first argument, the Court is well aware of how Stein's counsel vigorously argued for the entrapment defense both at trial and on appeal.  The Court, however, found at trial that such an instruction was unwarranted under the facts of the case.  The Tenth Circuit agreed after thoroughly reviewing the record in this case.[28]  Stein does not point to any evidence overlooked by this Court or the Tenth Circuit except his own testimony.  A criminal defendant's decision to testify or not is his own—not counsel's.[29]  Stein does not argue that his counsel forced him to not testify bur rather that he chose not to testify based on his counsel's advice.  This, however, does not show that his counsel performed unreasonably outside any valid defense strategy.  Therefore, Stein cannot meet the first prong of the *Strickland* test.  As to Stein's second argument that the

---

[26] *Strickland*, 466 U.S. at 690.

[27] Emphasis in original.

[28] *See Stein*, 985 F.3d at 1265 ("Taken in the light most favorable to defendants, the evidence presented at trial did not create a triable issue as to inducement.").

[29] *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Court's ruling was in plain error, this has already been addressed and found meritless by the Tenth Circuit.[30]  Accordingly, Stein's Motion on this ground must be dismissed.

       2.       *Counsel's failure to sever Stein's trial from that of his coconspirators*

Next, Stein argues that his counsel's decision not to file a motion to sever his trial from that of his coconspirators prejudiced him in several ways.  First, he states that it denied him "the possibility of a singular trial with the taint and bias of my codefendants and their defense teams." Second, he argues that not severing the trials aided the prosecution because Stein's codefendants "pointed the finger and blamed me."  Finally, Stein finds fault with his counsel for not raising the issue and thus preserving it for appeal.  In his opinion, if his counsel had submitted a motion to sever, "there is a distinct possibility the court would have rule in my favor."

Like Stein's other grounds, these arguments lack merit.  Severance for properly joined defendants is a disfavored procedural step, especially in conspiracy cases.[31]  Indeed, the Tenth Circuit presumes that coconspirators should be tried together.[32]  "Neither a mere allegation that the defendant would have a better chance of acquittal in a separate trial, nor a complaint of the spillover effect of damaging evidence is sufficient to warrant severance."[33]  Even the Federal Rules of Evidence acknowledge the tendency towards trying coconspirators together as statements "made by the party's coconspirator during and in furtherance of the conspiracy" are fully

---

[30] *See Stein*, 985 F.3d at 1265–66.

[31] *Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

[32] *See United States v. Hill*, 604 F. App'x 759, 766 (10th Cir. 2015).

[33] *Id.* (further citations, quotations, and brackets omitted).

admissible against any member of the conspiracy under Rule 801(d)(2)(E).  Severing trials would not change that fact.

Here, Stein has alleged no specific facts to overcome the presumption that he should have been tried with his coconspirators except that his codefendants inculpated him through their testimony.  Even so, Stein cannot point to any prejudice suffered because the statements by his coconspirators would have been admissible against him regardless of whether his trial had been severed.  Recognizing the futility of any motion to sever, his counsel did not act unreasonably by failing to submit such a motion.  Accordingly, Stein's claim here must fail because he cannot meet either of *Strickland*'s prongs.

       *3.*     *Counsel's failure to challenge the jury selection process in a timely and effective manner*

Finally, Stein argues ineffective assistance of counsel due to their failure to timely object to the petit jury pool drawing members from only the Wichita/Hutchinson area in (allegedly) violation of the Jury Act.  In his view, "the courts of the district of Kansas have openly admitted that they were violating the Jury Act before [and] during my trial."  Therefore, if only his counsel had timely objected, the courts would have conformed to the Jury Act by drawing jurors from the Dodge City area as well.

This argument falls flat on its face.  The Tenth Circuit, addressing Stein's challenge to the jury pool on appeal, held that "even if the challenge were not procedurally barred, it fails on the merits."[34]  Given that the outcome would have been the same regardless, Stein cannot show that his case was prejudiced because his counsel failed to timely raise the objection.  Accordingly, he

---

[34] *Stein*, 985 F.3d at 1263.

cannot show ineffective assistance of counsel such that he would be entitled to relief under 28 U.S.C. § 2255.

### IV.      Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner.  A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[35]  A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[36]  For the reasons explained above, Stein has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Vacate (Doc. 587) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 25th day of January, 2023.

This case is closed.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[35] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a COA. *See* 28 U.S.C. § 2253(c)(1).

[36] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v Dretke*, 524 U.S. 274, 282 (2004)).